# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| ALLISON L. MERRILL and BRITTANY WILK, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| TRANSWORLD SYSTEMS, INC., and U.S. BANK NATIONAL ASSOCIATION, | ) ) ) |
| Defendants. | ) ) ) ) |

Case No.: 1:20-cv-00183

Hon. Paul L. Maloney
U.S. District Judge

Hon. Sally J. Berens
U.S. Magistrate Judge

## U.S. BANK'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATION TO GRANT U.S. BANK'S MOTION TO DISMISS

Albert J. Rota
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3698
Facsimile: (214) 969-5100
ajrota@jonesday.com

Andrew J. Clopton
JONES DAY
150 West Jefferson Avenue
Suite 2100
Detroit, Michigan 48226
Telephone: (313) 733-3939
Facsimile: (313) 230-7997
aclopton@jonesday.com

*Counsel for U.S. Bank National Association*

**INTRODUCTION**

The Magistrate Judge issued a cogent Report and Recommendation (R&R) finding that U.S. Bank's motion to dismiss should be granted in its entirety. Plaintiffs object on only two grounds: *First*, they say, U.S. Bank is "debt collector" that is subject to the FDCPA. *Second*, they complain, the longstanding elements of a malicious prosecution claim should not apply to their statutory claim. These objections merely rehash what the Magistrate Judge already thoughtfully and thoroughly considered and rejected in a thirty-page opinion. But more to the point, these objections lack merit. U.S. Bank is no "debt collector"; and it did not prosecute any claim against Plaintiffs, let alone with malice. This Court should therefore overrule Plaintiffs' objections and dismiss U.S. Bank from this action.

**BACKGROUND**

Plaintiffs Allison Merrill and Brittany Wilk sued Defendants Transworld Systems Inc. ("TSI") and U.S. Bank, alleging multiple violations of the FDCPA and state law. (Compl., ECF No. 1 at PageID.1.) U.S. Bank filed a motion to dismiss all counts (MTD, ECF No. 11 at PageID.97), to which Plaintiffs responded (Resp., ECF No. 21 at PageID.339). After a proper referral under 28 U.S.C. § 636(b)(1)(B), the Magistrate Judge issued a thorough, thirty-page opinion recommending that the Court grant U.S. Bank's motion to dismiss in its entirety. (R&R, ECF No. 28 at PageID.588.) Plaintiffs now object to the R&R's findings regarding their FDCPA and malicious prosecution claims.

As for the FDCPA claim, U.S. Bank argued in its motion to dismiss that Plaintiffs failed to adequately allege that U.S. Bank was a "debt collector" under the statute. Rather, Plaintiffs alleged merely that TSI was a "debt collector," and that TSI was U.S. Bank's agent. (MTD, ECF No. 11 at PageID.111.) U.S. Bank argued that to qualify on the pleadings as a "debt collector"

1

through TSI's actions, Plaintiffs would have needed to allege facts showing that U.S. Bank and TSI together constituted a "single economic enterprise." (*Id.* at PageID.112 n.9; Reply, ECF No. 25 at PageID.572–573.) Plaintiffs responded that no such showing was necessary, and that the governing agreements established that "U.S. Bank is itself responsible for collecting the debts allegedly due to the trusts, which it does through TSI." (Resp., ECF No. 21 at PageID.352.) The R&R finds that "Plaintiff's allegation that U.S. Bank regularly collects debt through TSI is a bare legal conclusion that falls far short of 'nudge[ing] their claim[] [against U.S. Bank] across the line from conceivable to plausible." (R&R, ECF No. 28 at PageID.608.) In response to Plaintiffs' argument that the Special Servicing Agreement ("SSA") deems U.S. Bank an indirect debt collector, the R&R notes not only that such allegations are absent in the Complaint but also that the Plaintiffs successfully "ignore[d] the interplay" between the SSA and the incorporated-by-reference subservicing agreement with TSI's predecessor (the "TSI Agreement"). (*Id.* at PageID.609.) The R&R finds that the agreements "recognized that at some point, U.S. Bank might succeed FMER as the Special Servicer, and in that event, [TSI] would assume the enforcement and collection obligations set forth in Section 2.B of the SSA that FMER had been performing." (*Id.*) The R&R finds further that the SSA "does not show what Plaintiffs claim," as the SSA clearly *prohibits* U.S. Bank from undertaking any collection activities. (*Id.*) The R&R therefore recommends dismissal.

As for the malicious prosecution claim, U.S. Bank argued that Plaintiffs did not adequately allege any required common-law element of that claim under Michigan law. (MTD, ECF No. 11 at PageID.122.) Plaintiffs averred that a Michigan statute that provides an additional damages remedy relieved them from having to plead the well-established elements of a malicious prosecution claim. (Resp., ECF No. 21 at PageID.362).) The R&R disagrees and

2

finds that Plaintiffs were required to plead all the required elements, and that their failure to do so should result in dismissal.  (R&R, ECF No. 28 at PageID.613.)

## LEGAL FRAMEWORK

The Court reviews de novo those portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Only objections that are clear and specific are entitled to a de novo review.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).  Indeed, the Court is "not obligated to address objections that do not identify specific errors in the magistrate judge's proposed recommendations."  *Roat v. Comm'r of Soc. Sec.*, 2020 WL 837345, at *1 (W.D. Mich. Feb. 20, 2020) (Maloney, J.).  And objections to a Report and Recommendation are "not meant to be simply a vehicle to rehash arguments set forth in the petition."  *Id.*

## ARGUMENT

I. **PLAINTIFFS (STILL) HAVE NOT ALLEGED THAT U.S. BANK IS A "DEBT COLLECTOR" UNDER THE FDCPA.**

The Court should overrule Plaintiffs' objections regarding their FDCPA claim because they have failed to allege that U.S. Bank is a "debt collector" subject to the statute.  The FDCPA limits a "debt collector" to a person who regularly collects, "directly or indirectly," debt owed to another.  15 U.S.C. § 1692a(6).[1]

With no concrete supporting allegations, Plaintiffs' Complaint states that "US Bank, *through TSI*, regularly collects debts allegedly owed to various NCLST Trusts, and thus is a 'debt collector' as defined in [the FDCPA]."  (Compl. ¶ 4, ECF No. 1 at PageID.2 (emphasis

---

[1] The FDCPA's definition of "debt collector" also includes, as a separate prong, one whose "principal purpose" is the collection of debt.  15 U.S.C. § 1692a(6).  However, as the R&R finds, "Plaintiffs do not allege that U.S. Bank qualifies as a debt collector under the 'principal purpose' prong."  (R&R, ECF No. 28 at PageID.606.)

3

added).)  The R&R finds that "Plaintiffs do not allege that U.S. Bank regularly collects debts itself;" instead, "Plaintiffs' theory alleged in their complaint is that U.S. Bank is an indirect debt collector through its association with TSI," which does not suffice.  (R&R, ECF No. 28 at PageID.606–07.)  In their objection to the R&R's analysis, Plaintiffs simply "rehash" their indirect-collection theory, *see Roat*, 2020 WL 837345, at *1, and they ask the Court to ignore the applicable law cited by the R&R on "indirect" collection under the FDCPA.

When a plaintiff claims, as here, that one corporate entity is a debt collector "through" the actions of another, courts require a showing that the two entities form a "single economic enterprise," such that the entities should not maintain their corporate separateness.  *See*, *e.g.*, *Gold v. Midland Credit Mgmt., Inc.*, 82 F. Supp. 3d 1064, 1072 (N.D. Cal. 2015); *Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1143 (N.D. Ill. 1998); *see also Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 108 (6th Cir. 1996) (holding that "a company that is not a debt collector" may not "be held vicariously liable . . . only because the filing attorney is a 'debt collector'").  Plaintiffs have not alleged a "single economic enterprise" or other alter ego theory, let alone a single concrete fact to support any such theory.  *Cf., e.g.*, *Jenkins*, 999 F. Supp. at 1143 (finding plaintiffs fell "far short" of establishing a single enterprise between TSI and another corporation).  As the R&R states, Plaintiffs' allegation that U.S. Bank collects debt "through TSI" amounts to nothing more than "a bare legal conclusion" that provides "no plausible factual basis . . . to support that U.S. Bank and TSI constitute a single economic enterprise."  (R&R, ECF No. 28 at PageID.608.)

Plaintiffs attempt to distinguish the myriad cases that reject their position because these cases involve claims against an entity for the actions of its corporate "affiliate."  (Obj., ECF No.

4

30 at PageID.621).[2]  Of course, implicit in their argument is an admission that U.S. Bank has *no* such "affiliate" relationship with TSI. (*See, e.g.*, TSI Corp. Discl. Stmt., ECF No. 18 at PageID.335.)  And that only helps U.S. Bank:  If a true "affiliate" cannot be held liable merely by virtue of its corporate relationship, then surely a non-affiliate cannot either.  *Compare Jenkins*, 999 F. Supp. at 1143 (noting that even "extensive interdependence within a parent-subsidiary relationship" can be "insufficient to state a FDCPA claim against a collector's parent").

Having failed to meaningfully distinguish any case in the R&R, Plaintiffs turn to a Third Circuit case that proves the shortcomings in their argument.  (*See* ECF No. 30 at PageID.622.)  In *Pollice*, Plaintiffs observe, the Third Circuit held that "an entity . . . may be held vicariously liable for unlawful collection activities carried out by another on its behalf"—but that is so only if the "entity . . . itself meets the definition of 'debt collector.'"  *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir. 2000).  To state this principle is to define Plaintiffs' problem:  U.S. Bank does not meet this definition, and the *Pollice* case does nothing to resolve the problem.  *See id.* at 404 (citing *Wadlington*, 76 F.3d at 108 (6th Cir.)); (R&R, ECF No. 28 at PageID.608 (calling Plaintiffs' allegation that U.S. Bank "collects debts through TSI" "a bare legal conclusion")).

Finally, Plaintiffs argue that U.S. Bank is an indirect debt collector by way of its duties set out in the SSA.  Of course, Plaintiffs never pleaded this theory, and it ought go without saying that an objection to an R&R cannot amend the complaint.  *See Argue v. Current MDOC*

---

[2] Plaintiffs later pivot to say that they "are not alleging that US Bank is a debt collector by virtue of its relationship with TSI." (Obj., ECF No. 30 at PageID.620.)  If that is so, they allege nothing at all on this subject.  Because, in fact, Plaintiffs' *sole* allegation in the Complaint pertaining to U.S. Bank's debt-collector status is that U.S. Bank regularly collects debt "*through TSI.*" (ECF No. 1 at PageID.2 (emphasis added); R&R, ECF No. 28 at PageID.606 (recognizing that this was Plaintiffs' sole allegation on this issue).)

5

*Special Activities* Director, 2011 WL 976408, at *3 n.2 (W.D. Mich. Mar. 16, 2011) (Maloney, J.) ("Not surprisingly, a motion for leave to amend a pleading is the only proper vehicle for seeking such leave."). In any event, Plaintiffs' averment misconstrues what the SSA actually says.

Plaintiffs state (but again never allege) that U.S. Bank is a debt collector because it "assumed" various duties in the SSA, including "the enforcement and collection of Delinquent Loans and Defaulted Loans to maximize the collection of amounts payable on the Student Loans." (Obj., ECF No. 30 at PageID.620 (quoting SSA § 2.B, PageID.136).)

But as the R&R notes, "the SSA does not show what Plaintiffs claim." (ECF No. 28 at PageID.610.) Rather, the SSA provides that U.S. Bank will assume duties only "*to the extent expressly required to be assumed and performed* by the Back-Up Special Servicer," and that "nothing in this Agreement shall be construed to require or permit . . . [U.S. Bank] to undertake direct collection or enforcement activities." (*Id*. at PageID.609; SSA § 8.A, PageID.142 (emphasis added).) This provision "underscores the parties' intent that U.S. Bank would not perform debt collection in its role as Special Servicer." (R&R, ECF No. 28 at PageID.610.) The R&R gets it right: "[T]he SSA, which incorporated the TSI Agreement by reference, recognized that at some point, U.S. Bank might succeed FMER as the Special Servicer, and in that event, [*TSI*] would assume enforcement and collection obligations set forth in Section 2.B of the SSA that FMER had been performing." (*Id.* at PageID.609.) On this score, the SSA contemplates that not all duties ascribed to the "Special Servicer" would apply to U.S. Bank as "Back-Up Special Servicer": "Upon assuming the duties of Special Servicer . . . the Back-Up Special Servicer will be subject to all of the terms and conditions of this Agreement as 'Special Servicer' *insofar as such terms and conditions apply to the Back-Up Special Servicer's duties* as set forth

6

above."  (SSA § 8.B, PageID.142-143 (emphasis added).)  Indeed, despite having the SSA, Plaintiffs cannot point to a provision in which U.S. Bank—as the Back-Up Special Servicer— assumes the duties that Plaintiffs claim.  The debt-collection activity provisions in the SSA that apply to the "Special Servicer" must be read in proper context—FMER or TSI, not U.S. Bank, bore responsibility for collection activities.  Accordingly, Plaintiffs' Objection must be rejected.

## II. PLAINTIFFS (STILL) HAVE NOT ALLEGED THE REQUIRED ELEMENTS OF THEIR MALICIOUS PROSECUTION CLAIM.

Plaintiffs have no malicious prosecution claim.[3]  Plaintiffs complain that they should not have been required to plead two out of four elements of that claim (even while ignoring the other two).  (Obj., ECF No. 30 at PageID.623.)  For that proposition, they cite Mich. Comp. Laws § 600.2907, which establishes, *inter alia*, treble damages and criminal liability for an already-existing claim.  Plaintiffs are not relieved from pleading the four common law elements.  But even if they were, they plead no such element against U.S. Bank.

As U.S. Bank stated in its motion to dismiss, a plaintiff who alleges malicious prosecution must plead four elements: (1) prior proceedings with favorable termination; (2) an absence of probable cause; (3) malice; and (4) a special injury.  *See*, *e.g.*, *Sage Int'l, Ltd. v. Cadillac Gage Co.*, 556 F. Supp. 381, 387–88 (E.D. Mich. 1982).  As the R&R explains, these elements are well-settled.  (ECF No. 28 at PageID.614–15.)  And yet Plaintiffs persist.  They argue that the favorable-termination and special-injury elements are not required by the statute.  (Obj., ECF No. 30 at PageID.623.)  But curiously, Plaintiffs all but ignore the R&R's citations of numerous federal and state courts in Michigan that have uniformly required these common law

---

[3] It is unclear whether Plaintiffs maintain their malicious prosecution claim against U.S. Bank or only against TSI.  Plaintiffs' objections focus solely on TSI and do not mention U.S. Bank once.  (*See generally* Obj., ECF No. 30 at PageID.623–628.)  To the extent Plaintiffs attempt to maintain a malicious prosecution claim against U.S. Bank, the objection should be overruled because Plaintiffs fail to explain how and why such a claim lies against U.S. Bank, specifically.  *See Roat*, 2020 WL 837345, at *1 (Maloney, J.).

elements even when seeking relief under § 600.2907.  (R&R, ECF No. 28 at PageID.613; Obj., ECF No. 30 at PageID.623, 625.)  This includes a relatively recent decision from this Court, which is hardly "outdated" as Plaintiffs assert.  *See*, *e.g.*, *Galinis v. County of Branch*, No. 1:14-cv-460, 2015 WL 13037567, at *5 (W.D. Mich. Aug. 11, 2015) (Maloney, J.), *aff'd*, 660 F. App'x 350 (6th Cir. 2016) (citing common law elements in analyzing claim under § 600.2907).

And maintaining the common law elements makes sense in light of the statute's purpose, which was to "to permit a person with a *valid common law cause of action* to recover treble damages."  *Peisner v. Detroit Free Press*, 242 N.W.2d 775, 777 (Mich. App. 1976).  In short, the Legislature "d[id] not create a separate cause of action" in § 600.2907.  *Sage Int'l., Ltd. v. Cadillac Gage Co.*, 556 F. Supp. 381, 387 (E.D. Mich. 1982) (citing *Peisner*, 242 N.W.2d at 777).  Because Plaintiffs have not alleged two required elements—prior proceeding with favorable termination or special injury—the R&R correctly recommended dismissal.

In any event, Plaintiffs' objection is (at best) academic.  Plaintiffs admit that they were required to plead particular facts showing U.S. Bank "cause[]d" or "procure[d]" civil process against them "for vexation and trouble or maliciously."  (*See* Obj., ECF No. 30 at PageID.623 (citing § 600.2907 and its "plain language").)  And as U.S. Bank argued in its motion to dismiss (ECF No. 11 at PageID.122), Plaintiffs do not and cannot allege that *U.S. Bank* prosecuted any claim, let alone in a "vexatious and troublesome or malicious" manner.  (*See, e.g.*, Compl., ECF No. 1 at PageID.14 (alleging "the Shermeta Law Group filed an action in the 13th Judicial Circuit Court . . . on behalf of TSI but in the name of NCSLT 2005-3, naming Plaintiff Merrill as a defendant"); *see also* R&R, ECF No. 28 at PageID.608 (calling Plaintiffs' allegation that U.S. Bank "collects debts through TSI" "a bare legal conclusion").)  So even if this Court were to find

8

the Michigan Legislature abrogated the common law elements in § 600.2907, U.S. Bank would prevail.

In a last-ditch effort to evade dismissal, Plaintiffs try again to 'amend in an objection' regarding TSI's authority to bring lawsuits on behalf of the NCSLTs.  Plaintiffs alleged initially that TSI had *no* authority to file lawsuits on behalf of the Trusts.  (*See*, *e.g.*, Compl., ECF No. 1, ¶ 12, at PageID.3 (alleging "*TSI is not in fact authorized* by the NCSLT Trusts to" "fil[e] lawsuits in the names of the NCSLT Trusts") (emphasis added); *id.*, ¶ 134, at PageID.26 (alleging malice because defendants "should have known that *TSI was not authorized* by the NCSLT Trusts to proceed against persons by filing lawsuits . . . .") (emphasis added).)  Plaintiffs now argue in the alternative that TSI's authority to file lawsuits is limited "to the extent done legally." (Obj., ECF No. 30 at PageID.628.)  Plaintiffs' shift no doubt results from the R&R's finding that the SSA, which was entered into by the NCSLTs' Owner Trustee, acknowledged by the NCSLT's Administrator, and which incorporated the TSI Agreement by reference, "specifically authorized TSI to file lawsuits to collect the student loans."  (R&R, ECF No. 28 at PageID.602.)  This Court should hold Plaintiffs accountable for the allegations in their own Complaint, which are "plainly refute[d]" by the provisions in the very agreement on which they rely.  (*Id.*)  Having provided "no factual support for this conclusion" (among many others) in their Complaint (*see id.*), Plaintiffs' claims should be dismissed.

## CONCLUSION

For the reasons stated above, the Court should overrule Plaintiffs' objections and grant U.S. Bank's motion to dismiss in its entirety.

Respectfully submitted,

/s/ *Albert J. Rota*
Albert J. Rota

9

JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3698
Facsimile: (214) 969-5100
ajrota@jonesday.com

Andrew J. Clopton
JONES DAY
150 West Jefferson Avenue
Suite 2100
Detroit, Michigan 48226
Telephone: (313) 733-3939
Facsimile: (313) 230-7997
aclopton@jonesday.com

*Counsel for U.S. Bank National Association*