IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALLISON L. MERRILL and §<br>BRITTANY WILK, *individually and on* §<br>*behalf of all others similarly situated,* §<br>§<br>Plaintiffs, §<br>§<br>v. §<br>§<br>TRANSWORLD SYSTEMS, INC. and §<br>U.S. BANK NATIONAL §<br>ASSOCIATION, §<br>§<br>Defendants. § | Case No. 1:20-cv-00183-PLM-SJB |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION**

Transworld Systems Inc. ("TSI") opposes the Objections to Magistrate Berens' Report and Recommendation ("Recommendation") filed by plaintiffs, Allison L. Merrill ("Merrill") and Brittany Wilk ("Wilk") ("Objection"). Dkt. 30. In their Objection, plaintiffs only challenge the dismissal of Count IV as to TSI. For the reasons explained below, plaintiffs' Objection to the dismissal of Count IV should be overruled because the Complaint fails to state a claim for relief against TSI under Mich. Comp. Laws § 600.2907.

**I. INTRODUCTION**

Mich. Comp. Laws § 600.2907 requires a plaintiff asserting a malicious prosecution claim under the statute show the proceedings at issue were prosecuted against plaintiff without consent of the person on whose behalf the proceedings were brought. The Recommendation correctly finds the Complaint fails to allege facts showing student loan collection lawsuits were brought against plaintiffs without consent of their Trust creditors.

1

Further, the Recommendation accurately concludes the common-law elements of a malicious prosecution action must be alleged to state a plausible claim under § 600.2907. Plaintiffs do not dispute they have *not* alleged all of those elements. Accordingly, the Recommendation correctly recommends plaintiffs' § 600.2907 claim be dismissed. The Court should overrule Plaintiff's Objection and adopt the Recommendation.

## II. RELEVANT PROCEDURAL HISTORY

On March 2, 2020, plaintiffs filed a Class Action Complaint against TSI and U.S. Bank ("U.S. Bank") ("Complaint"). Dkt. 1. The Complaint asserts 5 causes of action against the defendants, as follows: Count I – alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*; Count II – alleged violations of the Michigan Collection Practices Act, Mich. Comp. Laws §§ 445.251, *et seq.*; Count III (against TSI only) – alleged violations of the Michigan Occupational Code, Mich. Comp. Laws §§ 339.901, *et seq.*; Count IV – alleged violations of Mich. Comp. Laws § 600.2907; and Count V – unjust enrichment. Dkt. 1 at Counts I-V.

On May 15, 2020, TSI and U.S. Bank each filed motions pursuant to Fed. R. Civ. P. 12(b)(6) seeking to dismiss all causes of action asserted ("Motions to Dismiss"). Dkts. 10, 13. On May 18, 2020, the Court referred both motions to Magistrate Berens pursuant to 28 U.S.C. § 636(b)(1)(B).

On December 1, 2020, Magistrate Berens issued the Recommendation. Dkt. 28. She recommended this Court 1) grant in part and deny in part TSI's Motion to Dismiss; and 2) grant U.S. Bank's motion to dismiss in its entirety. *Id*. Specifically, as to plaintiffs' claims against TSI, she concluded that Wilk is collaterally estopped from bringing her

FDCPA claims; that Merrill's FDCPA and corresponding state law claims based on the assertion TSI misrepresented its authority to bring collection lawsuits and subsequent garnishment proceedings against her lacked factual support and were contradicted by objective evidence; that Merrill's FDCPA and corresponding state-law claims for attempting to collect an amount not authorized by contract was also not plausible; that Merrill's FDCPA and corresponding state law claim based on misrepresentations allegedly contained in TSI affidavits was plausible; and that plaintiffs failed to plead the necessary elements of their Mich. Comp. Laws § 600.2907 malicious prosecution and unjust enrichment claims. *Id*.

On December 14, 2020, plaintiffs objected to the Recommendation. Dkt. 30. Their Objection is focused on only 2 aspects of the Recommendation: the dismissal of U.S. Bank, and the dismissal of plaintiffs' malicious prosecution claims under Mich. Comp. Laws § 600.2907. *Id*. at PageID 619.

TSI timely files this opposition within 14 days of the Objection and opposes plaintiffs' objection to the dismissal of their cause of action for malicious prosecution under Mich. Comp. Laws § 600.2907.

### III. STANDARD OF REVIEW

When considering objections to an order issued by a magistrate judge on a dispositive motion, the district court must conduct a *de novo* review of the objected to portions of the report and recommendation. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## IV. ARGUMENT

**PLAINTIFFS HAVE <u>NOT</u> ADEQUATELY PLED AN
ALLEGED VIOLATION OF MICH. COMP. LAWS § 600.2907**

Plaintiffs contend the Trust never authorized or directed TSI or the law firm it engaged on behalf of the Trusts to file collection suits on Trust-owned student loans. *See* Dkt. 1 at ¶¶ 11-12; ¶¶ 45-53; ¶ 74; ¶ 87. In plaintiffs' view, TSI is a rogue debt collector who thrusts the Trusts unwillingly into the role of plaintiff in unfounded collection suits throughout Michigan to harass debtors into paying money the debtors do not owe. On this basis, plaintiffs characterize the underlying collection actions against them as "unauthorized straw-man lawsuits" in an attempt to assert a cause of action under Mich. Comp. Laws § 600.2907 and seek the trebling award the statute allows.

Plaintiffs have failed to assert a plausible claim for malicious prosecution under § 600.2907 for 2 reasons. First, the Complaint fails to allege any facts that show lawsuits were filed against these plaintiffs without Trust consent, as required under the plain language of the statute. Indeed, the motion to dismiss record establishes the contrary.

Second, plaintiffs mistakenly believe the common law elements for malicious prosecution do not apply to their claims asserted under the statute (they do). Consequently, plaintiffs neglect to allege all of the necessary common-law elements for malicious prosecution.

**1.    The Trusts' Collection Actions Were Brought With Consent Of The Trusts**

The Recommendation correctly observes plaintiffs' Complaint provides no factual support for any assertion that the Trusts did not authorize TSI to service these plaintiffs'

4

loans or file the lawsuits against these plaintiffs. *See* Dkt. 28 at PageID.602. Plaintiffs' Objection does not address this fundamental shortcoming, and it should be overruled on this basis alone.

Moreover, the absence of such consent or authority cannot be reasonably inferred from the allegations in the Complaint. This is particularly true where the contracts between TSI and other Trust-related parties properly considered on the Motions to Dismiss plainly evidence TSI's subservicing activities are authorized by the Trusts. *Id.* at PageID.602 ("Thus, contrary to Plaintiffs' allegation, the Trusts specifically authorized TSI to file lawsuits to collect the student loans.") and PageID.613, fn. 2 ("As set forth above, the [Special Servicing Agreement] and the [Default Prevention and Collection Services Agreement] specifically authorized TSI to retain attorneys to file lawsuits on behalf of the Trusts."). Indeed, the only reasonable inference that may be drawn from the documents confirming TSI's authority to service the Trusts' loans generally, is that TSI was authorized to service these plaintiffs' loans specifically.

In their Objection, plaintiffs argue the Magistrate's analysis failed to consider a so-called Consent Order TSI entered with the Consumer Financial Protection Bureau ("CFPB"). Plaintiffs invoke the Consent Order in a transparent attempt to paint TSI as a bad actor. But plaintiffs do not explain how the Consent Order refutes the contracts under which TSI has the consent and authority to service Trust loans; nor do they suggest how the Consent Order otherwise contradicts or invalidates TSI's authority as subservicer for the Trusts.

They do not because they cannot. The Consent Order does not question TSI's

5

consent and authority in the slightest.  If anything, the Consent Order confirms—or at the very least presumes—TSI is authorized in its activities for the Trusts.  The Consent Order plainly acknowledges: "To collect on defaulted private student loans, Law Firms engaged by [TSI's] Attorney Network business unit filed debt Collections Lawsuits . . . *on behalf of the Trusts,*" and "Law Firms that filed lawsuits *on behalf of the Trusts* did so as Service Providers and agents of the Trusts." Consent Order at § I and § V, ¶ 8 (emphasis added).

All but conceding that TSI had Trust consent and authority to engage in the activities at issue, plaintiffs' Objection argues for the first time that the Trusts only consented to TSI's lawful conduct, and that TSI exceeded its authorization by allegedly acting unlawfully.  *See* Dkt. 28 at PageID.628.  According to plaintiffs, TSI may be authorized to conduct the activities at issue, but not in the manner in which they were conducted.  But adopting a rule that transforms an ordinary tort claim like this into a trebled demand for malicious prosecution under § 600.2907 simply on the theory that an alleged agent has exceeded his authority (rather than lack any authority to begin with) would turn virtually every malicious prosecution action into a "straw-party" suit and should be rejected for that reason.

Regardless, it is not enough for plaintiffs to assert merely that an "unlawful" action was filed, for § 600.2907 "applies only to claims involving '*fraudulently filed* "straw-party" suits[.]'" *Morningstar v. City of Detroit*, 617 F. Supp. 2d 570, 579 (E.D. Mich. 2009), *aff'd sub nom. Morningstar v. Worthy*, 454 F. App'x 391 (6th Cir. 2011) (quoting *Camaj v. S.S. Kresge Co.*, 426 Mich. 281, 290, 393 N.W.2d 875, 879-80 (1986) (emphasis added)).  To do that, plaintiffs must have alleged TSI defrauded the Trusts into obtaining

6

the loans for servicing. But the Complaint is utterly devoid of such allegations. Consequently, the Complaint cannot show that TSI defrauded the Trusts into authorizing TSI to service these plaintiffs' loans.

**2.    Plaintiffs' "Straw Party" Claim Under Mich. Comp. Laws § 600.2907 Is Subject To The Common Law Elements Of Malicious Prosecution**

Assuming arguendo plaintiffs adequately pled TSI's activities were not Trust-authorized (they did not), their malicious prosecution claims still fail as a matter of law. In this respect, the Magistrate correctly observed that state and federal courts require a plaintiff to plead and prove all of the common law elements of malicious prosecution when seeking relief pursuant to § 600.2907. *See* Dkt. 28 at PageID.613 (citing *Bloch v. Bloch*, 2013 WL 951076, *3 (Mich. Ct. App. Mar. 7, 2013) and *Galinis v. County of Branch*, 2015 WL 13037567, *5 (W.D. Mich. Aug. 11, 2015), aff'd, 660 F. App'x 350). *See also Kloian v. O'Jack*, 2012 WL 205833, *2 (Mich. Ct. App. Jan 24, 2012) (action for statutory malicious prosecution under Mich. Comp. Laws § 600.2907 could not be brought without special injury) and *Sage Int'l, Ltd. v. Cadillac Gage Co.*, 556 F. Supp. 381, 388 (E.D. Mich. 1982) (concluding plaintiffs failed to state a claim under § 600.2907 by failing to show the common-law malicious prosecution element of special injury).

Plaintiffs do not allege those common law elements[1] and flatly deny they need to. As in their opposition to TSI's Motion to Dismiss, plaintiffs argue the common law has no

---

[1] To state a cause of action for malicious prosecution, plaintiffs must plead: (1) "that prior proceedings terminated in favor of the present plaintiff[s]"; (2) "that there was an absence of probable cause for the proceedings"; (3) "that malice, defined as a purpose other than that of securing the proper adjudication of the claim, existed"; and (4) "that a special injury flowed directly from the prior proceeding." *Kloian v. O'Jack*, No. 301544, 2012 WL 205833, *1 (Mich. Ct. App. Jan. 24, 2012) (citing *Friedman v. Dozorc*, 412 Mich. 1, 48, 312 N.W.2d 585, 603 (1981).

7

bearing on their statutory "straw party" claims under § 600.2907 and that the Recommendation's conclusion to the contrary should be rejected because it fails to enforce the statute as it is written. In service of their statutory interpretation argument, plaintiffs quote the statute's prohibition against bringing unauthorized proceedings for "vexation or trouble, or maliciously" Dkt. 30 at PageID.624. Plaintiffs complain the Recommendation ignores the disjunctive nature of that phrase. *Id*.

Plaintiffs are mistaken. Under plaintiffs' interpretation of the statute, a person who, with no ill will or intent, causes proceedings to be filed against another but is innocently unaware either that probable cause for the claim is lacking or that he does not have the consent or authority to bring the action should nevertheless be held liable for the paranormal remedies § 600.2907 provides. There is simply no support for such an interpretation. "[T]he law does not provide for any exemplary damages unless there is malice " *LaLone v. Rashid*, 34 Mich. App. 193, 200, 191 N.W.2d 98, 101 (1971).

Plaintiffs' interpretation would effectively create a new cause of action for "straw-party lawsuits" that is detached from malice *and* lack-of-probable-cause requirements. But Michigan courts are clear that § 600.2907 does not create a cause of action. *See Bloch*, 2013 WL 951076 at *3 (quoting *LaLone*, 34 Mich.App. at 202) ("MCL 600.2907 does not create a cause of action. The statute 'add[s] nothing to the substantive law' of malicious prosecution but merely trebles the damages upon receiving a judgment."). *See also Peisner v. Detroit Free Press*, 68 Mich. App. 360, 366, 242 N.W.2d 775, 777 (1976) and *Sage Int'l, Ltd.*, 556 F. Supp. at 387, recognizing *Peisner's* conclusion that § 600.2907 "does not create a cause of action for abuse of process indepedent of the common law."

8

Plaintiffs also contend the Michigan Supreme Court's decision in *Camaj v. SS Kresge Co.*, 426 Mich. 281, 393 N.W.2d 875 (1986) rejects the notion that common law elements apply. It does not. The *Camaj* court merely held the remedies available under the statute apply only in "straw party" suit cases. *Camaj*, 426 Mich. at 288; *see also LaLone*, 34 Mich.App. at 196, concluding "the enactment [of M.C.L.A. § 600.2907] provided only an additional method of computing punitive damages." Accordingly, the Recommendation correctly determined "nothing in *Camaj* suggests that a plaintiff asserting a 'straw-party'-type malicious prosecution claim is relieved from pleading the elements of common-law malicious prosecution" Dkt. 28 at PageID.613.

**3.    Plaintiffs Failed To Allege All Necessary Elements For Malicious Prosecution To Maintain A Claim Under Mich. Comp. Laws § 600.2907.**

As set forth more extensively in TSI's Motion to Dismiss briefing but summarized below, plaintiffs have not adequately pled each element of malicious prosecution, and so their claims pursuant to Mich. Comp. Laws § 600.2907 must be dismissed.

**A.    Plaintiffs Have Not Alleged And Cannot Show A Prior Proceeding Terminated In Their Favor**

Both of the cases against Merrill were dismissed with prejudice. However, "a stipulated dismissal with prejudice does not amount to a termination in the [malicious prosecution] claimant's favor." *See* Recommendation at PageID.613-14 (citing *Delorean v. Cork Gully*, 118 B.R. 932, 939 (E.D. Mich. 1990). And there is no dispute both of Wilk's cases ended in judgments against her. Dkt. 1 at ¶ 86; PageID.16. Plaintiffs, therefore, cannot plead any prior proceedings that were purportedly prosecuted against them maliciously were terminated in their favor.

9

### B. Plaintiffs Have Not Alleged The Absence Of Probable Cause Or The Existence of Malice

In opposing the Motions to Dismiss, plaintiffs did not deny they have not alleged lack of probable cause in the filing of the collection lawsuits against them or the existence of malice. Nor have they objected to the Recommendation's finding that these elements have not been alleged, except to contend—erroneously—the elements do not apply.

### C. Plaintiffs Have Not Alleged Special Injury

The Recommendation did not consider whether the Complaint alleged "special injury" because it recommended plaintiffs' § 600.2907 malicious prosecution claim be dismissed on the basis that plaintiffs had not pled the other elements of this claim. To the extent the Court's *de novo* review includes consideration of this element, the Court should conclude that it, too, has not been sufficiently alleged.

Here, plaintiffs allege "actual damages, including but not limited to: payments made to TSI or collected by TSI or others on debts that were in fact not legally enforceable; the costs associated with defending the collection lawsuits; and such other damages as may be proved at trial." Dkt. 1 at ¶ 135; PageID.26.

However, special injury is "equivalent to a seizure of property" *See Sage Int'l, Ltd.*, 556 F. Supp. at 384 (citing *Friedman*, 312 N.W.2d at 599). Costs incurred as a result of defending collection complaints are not "equivalent to a seizure of property" and thus do not constitute a "special injury." *See Young v. Motor City Apartments Ltd. Dividend Hous. Ass'n No. 1 & No. 2*, 133 Mich. App. 671, 677, 350 N.W.2d 790, 793 (1984).

Furthermore, "special injury" must be that—special. In other words, it "must be

some injury which would not necessarily occur in all suits prosecuted for similar causes of action." *Reffitt v. Mantese*, No. 346471, 2019 WL 5204542, *4 (Mich. Ct. App. Oct. 15, 2019) (quoting *Barnard v. Hartman*, 130 Mich. App. 692, 695, 344 N.W.2d 53, 54 (1983)). But plaintiffs do not show their injuries are different than those that would occur in all similar collection actions. *See Reffitt*, 2019 WL 5204542 at *4 (Litigation defense "costs are by no means special; litigation defense costs would necessarily be incurred in the defense of any collection or garnishment action and are included in "the damage which would ordinarily result in the type of action brought[.]"); *see also Early Detection Ctr., P.C., v. New York Life Ins. Co.*, 157 Mich. App. 618, 628, 403 N.W.2d 830, 834 (1986). Likewise, any injury resulting to Wilk from the garnishment actions against her results from the underlying collection judgments upon which the garnishment actions were brought. But a garnishment is merely a form of execution on a prior judgment. Wilk's garnishment is thus not an injury "which would not necessarily occur" as a result of the underlying collection judgments.

## V. CONCLUSION

For the reasons stated above, plaintiffs' Objection should be overruled.

Dated: December 24, 2020                Respectfully Submitted,

/s/ *Justin H. Homes*
Bryan C. Shartle
Justin H. Homes
SESSIONS, ISRAEL & SHARTLE
3850 N. Causeway Blvd., Suite 200
Metairie, LA 70002
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
Email: bshartle@sessions.legal

11

Email: jhomes@sessions.legal

Deborah A. Lujan (MI Bar # P46990)
Collins, Einhorn, Farrell & Ulanoff, P.C.
4000 Town Center, 9th Floor
Southfield, MI 48075
Telephone: (248) 355-4141
Email: deborah.lujan@ceflawyers.com

*Attorneys for Defendant,*
*Transworld Systems Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 24, 2020, a copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record herein.

/s/ *Justin H. Homes*
Justin H. Homes
SESSIONS, ISRAEL & SHARTLE
Email: jhomes@sessions.legal