UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALLISON L. MERRILL and BRITTANY WILK, )<br>Plaintiffs, )<br>)<br>-v- )<br>)<br>TRANSWORLD SYSTEMS, INC., and )<br>U.S. BANK NATIONAL ASSOCIATION, )<br>Defendants. )<br>) | No. 1:20-cv-183<br><br>Honorable Paul L. Maloney |

### ORDER ADOPTING REPORT AND RECOMMENDAITON

Plaintiffs Allison Merrill and Brittany Wilk obtained student loans. In lawsuits filed against them in state court, the state-court plaintiffs alleged Merrill and Wilk failed to make loan payments. Merrill and Wilk subsequently filed this lawsuit in federal court, alleging that the state court lawsuits violated federal and state statutes and also alleging various torts.

Defendants filed motions to dismiss. (ECF No. 10 - U.S. National Bank Association; ECF No. 13 - Transworld Systems (TSI).) The Magistrate Judge issued a report recommending that Defendant U.S. Bank's motion be granted. (ECF No. 28 R&R.) The Magistrate Judge also recommended that Defendant TSI's motion be granted in part and denied in part. Plaintiffs filed objections to some, but not all, of the recommendations. (ECF No. 30.) Defendants filed responses. (ECF Nos. 32 and 34.) The Court has reviewed the record and will adopt the Report and Recommendation.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge

reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

### A. U.S. Bank is a "debt collector"

The Magistrate Judge discusses the Fair Debt Collection Practice Act (FDCPA) claim against Defendant US Bank on pages 19 through 23 of the R&R. (PageID.606-610.) The Magistrate Judge concludes that Plaintiffs do not allege that U.S. Bank qualifies as a debt collector under the "principal purpose prong," a conclusion to which Plaintiffs do not specifically object.

The Magistrate Judge also concludes U.S. Bank does not qualify as a debt collector under the "regularly collects" prong. Plaintiffs object, insisting that U.S. Bank assumed debt collection duties and responsibilities through the Third Amendment to the Default Prevention and Collection Services Agreement and the Special Servicing Agreement (SSA). (Obj. at 2 PageID.620.)

Plaintiffs' objection is overruled. The Magistrate Judge explained the interaction between the Default Prevention and Collection Services Agreement, which the Magistrate Judge referred to as the TSI Agreement (PageID.592), and the SSA. Reading the two documents together supports the conclusion that the parties did not intend U.S. Bank to perform debt collection duties should it become the Successor Special Servicer. (R&& at 22-23 PageID.609-10.) The third full paragraph of the Third Amendment, the second "whereas" paragraph, encapsulates the point made by the Magistrate Judge. That paragraph

states that the initial Special Servicer arranged for the outsource of "certain default prevention and collection activities of the Special Servicer . . . in the event that U.S. Bank became the successor Special Servicer . . . ." (PageID.395.) The various duties U. S. Bank assumed, which Plaintiffs identify in their objection, do not establish that U.S. Bank, as the Successor Special Servicer, "regularly collects" debts.[1]

## B. Michigan Compiled Laws § 600.2907

The Magistrate Judge concludes that the statute does not state a separate cause of action for malicious prosecution but only an additional remedy. The Magistrate Judge also concludes that, to state a claim for malicious prosecution under the statute, a plaintiff must allege the elements of the common-law tort. Because Plaintiffs did not, and could not, allege the favorable termination requirement, the Magistrate Judge concludes Plaintiffs' claim under § 600.2907 must be dismissed.

Plaintiffs object. Plaintiffs contend the statute allows a distinct claim that does not rely on the common law elements. Plaintiffs also argue that the Magistrate Judge neglected to consider that TSI acted outside its authority and in violation of a consent decree.

Plaintiffs' objection is overruled. For claims arising under state law, this Court must follow the guidance of the state courts. While Plaintiffs assert that the Magistrate Judge relied

---

[1] As an example, Plaintiffs contend that TSI must get the consent of U.S. Bank to settle or dismiss any collection action, citing "Dkt. Entry 21-2 § 2.4." (Obj. PageID.621.) In the original agreement, § 2.4(e) provides that "Special Servicer agrees to designate a business contact with authority to review and approve collection settlement proposals with NCO." (PageID.324.) The Third Amendment, however, amends § 2.4. In the added subjection (h), NCO administers and manages collection litigation "and, except as contemplated in the Operating Guidelines, no further approval, consent or direction of the Special Servicer shall be required with respect to management of litigation relating to ASLs." (PageID.401.)

on "outdated case law" (PageID.623), Plaintiffs have not identified any subsequent developments that would undermine the holdings in state court opinions cited and discussed in the R&R. Although unpublished, the most recent state court opinion of which this Court is aware that addresses the interaction between the statute and the common law concerning malicious prosecution concludes that the statute "does not create a cause of action. . . . [I]t merely trebles the damages upon receiving a judgment." *Bloch v. Bloch*, No. 307640, 2013 WL 951076, at *3 (Mich. Ct. App. Mar. 7, 2013). And, if Plaintiffs have to plead and prove the elements of common law malicious prosecution, they have not explained why the second part of their objection makes a difference.

For these reasons, the Court **ADOPTS** the Report and Recommendation (ECF No. 28) as its Opinion.

The Court **GRANTS** Defendant U.S. Bank's motion to dismiss. (ECF No. 10.)

The Court **GRANTS IN PART and DENIES IN PART** Defendant TSI's motion to dismiss (ECF No. 13) as explained in the conclusion of the R&R (PageID.616).

**IT IS SO ORDERED.**

Date: January 21, 2021                                /s/ Paul L. Maloney
                                                                  Paul L. Maloney
                                                                  United States District Judge